**Subject:** Yee Production - assertion of privilege
**Date:** Wednesday, January 19, 2022 at 9:00:10 AM Central Standard Time
**From:** Yitz Kopel
**To:** Boyle, Edward P., Dimon, Anna G., Alec Leslie, Cal Mayo

Ed and Anna:

It has come to my attention that several of the documents in Dr. Yee's possession that are responsive to your subpoena involve communications between him and me concerning my investigation and preparation for this litigation. These documents constitute privileged attorney work product. See Medinol, Ltd. v. Bos. Sci. Corp., 214 F.R.D. 113, 115 (S.D.N.Y. 2002) ("However, it is clear that disclosure of work product to a party sharing common litigation interests is not inconsistent with the policies of encouraging zealous advocacy and protecting privacy that underlie the work product doctrine."); see also id. ("The policy of sharing applies equally where an attorney engages the help of an accountant to assist with some aspect of litigation, for the accountant is assisting the lawyer in developing a litigation objective and is thus enhancing the work product."); accord United States v. Kovel, 296 F.2d 918, 922 (2d Cir.1961) (ruling that accountant employed by tax law firm to assist firm in understanding client's conversations does not waive privilege because accountant considered equivalent to a translator); Saraceni v. M&T Bank Corp., 2021 WL 1758255, at *2 (W.D.N.Y. May 4, 2021) ("courts generally have 'held that where the disclosing party and the third party share a common interest, there is no waiver of the work product privilege.' A disclosing party and third party share a 'common interest' when they have a common interest in litigation or legal strategy.") (citing Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc., 229 F.R.D. 441, 445 (S.D.N.Y. 2004)). Moreover, this privilege would extend to any notes or memoranda taken as a result of these communications.

We are happy to prepare and serve a privilege log of these communications. Please let me know if you will agree to the withholding of these documents. If not, we will seek to submit a joint letter to the court pursuant to Rule VI(A)(1) of Judge Kuo's Rules requesting for the court to quash the subpoena. Please kindly advise of your availability to confer about this matter by telephone. As I am traveling tomorrow, I would appreciate it if you can make time for the call today, but we can work out availability thereafter if that's not possible.

Thanks,

Yitz

--
Yitz Kopel
Bursor & Fisher, P.A.
888 Seventh Ave.
New York, NY 10019
646-837-7127 (tel)
212-989-9163 (fax)
ykopel@bursor.com
www.bursor.com

PRIVILEGED COMMUNICATION
This email may contain confidential material or other matter protected by the attorney-client privilege. Unless you are the addressee (or are authorized to receive this email for the addressee), you may not copy, use or distribute it. If you receive this email in error, please contact the sender immediately and permanently delete the email from any and all storage devices under your control.


EXHIBIT "C"