# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

DAVID T. ADAMS
DIRECT DIAL: (212) 506-1927
DIRECT FAX: (212) 835-5067
DAdams@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

July 28, 2022

**VIA E-MAIL**

J. Cal Mayo, Jr.
Mayo Mallette PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655

Re:     *Kalman Rosenfeld v. AC2T, Inc., et al.*, Case No. 20-cv-4662 (E.D.N.Y.)

Dear Cal:

I write regarding your ongoing denial of, and refusal to meet and confer about, the manifest deficiencies with Dr. Donald Yee's self-conducted search, collection, review, and production of documents in response to AC2T, Inc.'s subpoena. As an initial matter, allow me to clarify a couple points of confusion in your emails. First, Kasowitz Benson Torres LLP is not new to this litigation—the firm has been in the case since its inception. Second, we have all of your limited correspondence with Venable. Between January 21, 2022 (the date you served Dr. Yee's responses to AC2T's subpoena) and July 21, 2022 (the date I first emailed you), you had two calls with Anna Dimon of Venable and sent no more than a handful of emails. We do not view your minimal efforts to comply with the subpoena to be burdensome. Regardless, we have repeatedly asked to confer with you telephonically to save everyone time. Contrary to your assertion that your e-mails "should finally resolve all issues," your responses raise more questions than they resolve. We would like to meet and confer with you on the following issues, among others:

**Dr. Yee's Self-Collection Efforts**

Your assertion that, "Dr. Yee has made numerous reviews of his emails, social media accounts, and all other locations where he might have reasonably stored responsive information" confirmed that Dr. Yee conducted his own search, collection, and review. This raises concerns about what you did to fulfill your obligation as counsel to plan, supervise, and document your client's search and collection process. *See Procaps SA v. Patheon Inc.*, 2014 WL 800468, at * 6 (S.D. Fla. Feb. 28, 2014) (sanctioning a litigant and its attorneys for engaging in unsupervised self-collection, necessitating defendant's motion for forensic analysis). Given this serious issue, we have the following questions:



K ASOWITZ  B ENSON  T ORRES  llp

J. Cal Mayo, Jr.
July 28, 2022
Page 2

- o   What search terms did Dr. Yee use to conduct his search of his data?

- o   What time periods did he include in his search?

- o   Which email accounts/addresses did he search?

- o   What devices did he search?

- o   What document drives/repositories did he search?

- o   What folders from those various drives did he include in his search?

- o   How many documents were included in his review for responsiveness?

- o   What was different about each of Dr. Yee's "numerous reviews"?

- o   Why did Dr. Yee produce documents without any metadata?

Dr. Yee's deficiencies in his document collection are evident from the email you sent yesterday morning in which you "produced" two responsive photos, without metadata, without explanation as to how Dr. Yee uncovered the photos or why they were not identified and collected in any of the purported "numerous searches" Dr. Yee purportedly conducted, or what you and Dr. Yee are doing to ensure all photos and documents responsive to the subpoena are produced.  The production of these photos yesterday is particularly troubling because these photos are a specific category of documents we listed as a production deficiency and you indicated they did not exist.

**Failure to Produce Responsive Documents**

Your suggestion that Dr. Yee "is not aware of" and "does not have any" other responsive photos or videos responsive to the subpoena is simply not credible.  A cursory internet search reveals Dr. Yee's prolific internet activity, which notably includes, *e.g.*: (i) repeated sharing of *his own* mosquito photos emblazoned with his own custom copyright stamp across the internet (including his photos of *Aedes albopictus*, one of the nine species used in the tests described in his relevant paper titled, "*No Evidence That Salt Water Ingestion Kills Adult Mosquitoes (Diptera: Culicidea)*"); (ii) public "Tweeting" about the time he spends photographing mosquitoes; and (iii) public posting of self-narrated animated photo presentations about his work with mosquitoes.

As for evidence that Dr. Yee is withholding responsive communications with faculty, look no further than the November 2019 email bates stamped YEE0000080, in which Dr. Janet Donaldson admits she has received and reviewed data and results from Dr. Yee's testing of the Mosquito Eradicator product.  (*See* YEE0000077 at -80.)  Your previous representations that Dr.

# KASOWITZ BENSON TORRES LLP

J. Cal Mayo, Jr.
July 28, 2022
Page 3


Yee has no lab books or hard-copy documents to speak of makes it clear beyond any doubt that Dr. Yee must have transmitted his test data and results to Dr. Donaldson electronically—likely via email—or at minimum presented the data and results through some visual aid that Dr. Yee also has not produced.  And in another November 2019 email bates stamped YEE0000098, Dr. Yee specifically recounts advice he received from Dr. Gordon Cannon concerning his interactions with AC2T (which occurred largely via email) and purported scientific testing of its product (which allegedly involved repeated collection of data points recorded electronically). (*See* YEE0000098.)  Here again, it is inconceivable that Dr. Yee could have discussed these matters without emailing Dr. Cannon any of the relevant background information (all stored electronically).

**Dr. Yee's Communications With Yitz Kopel**

Dr. Yee is withholding emails with Mr. Kopel based on a purported privilege asserted by Plaintiff.  We ask that Dr. Yee withdraw this baseless objection because there is no work-product protection for documents created by a third party who, like Dr. Yee, has no rights or role in the relevant litigation and is not the agent of anyone who does.  *See, e.g., Ricoh Co. v. Aeroflex, Inc.,* 219 F.R.D. 66, 69 (S.D.N.Y. 2003) (holding that emails sent by a non-party to defense counsel are not protected by the work product doctrine, explaining that "it [would be] a stretch to apply the attorney work product privilege to documents created by a third party and then sent to counsel for a party.").  Regardless, Mr. Kopel's work-product privilege assertion—even if it were valid (it is not)—does not relieve Dr. Yee of his obligation to produce documents responsive to the subpoena.  *See, e.g.*, *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016) ("[W]hile nothing in Rule 45 prevents a party from serving objections to a non-party subpoena, such objections, standing alone, have no effect on the non-party's obligation to respond to the subpoena.  A party cannot simply object to a subpoena served on a non-party, but rather must move to quash or seek a protective order.").  As the court notes, "[w]here, as here, the objecting party has not made (much less won) a motion to quash or for a protective order, the subpoena, if otherwise enforceable, remains so, and the non-party ignores its dictates at some peril, including a risk of contempt pursuant to Fed. R. Civ. P. 45(g)."  *Id.*  Since "Dr. Yee takes no position as to any protection available as to those materials" he continues to withhold, he was and is obligated to produce them.  Accordingly, please produce them via email to me by this Friday, July 29, 2022.  Failure to do so will elevate Dr. Yee's ongoing noncompliance with AC2T's subpoena to a knowing and willful violation of his legal obligations.

\*   \*   \*

Please advise of your availability to meet and confer with us in the next ten days about the deficiencies in Dr. Yee's document search, collection, review, and productions.  If you still refuse to meet and confer by the end of this week, we will have no choice but to bring an action to enforce the subpoena in the Southern District of Mississippi.

# KASOWITZ BENSON TORRES LLP

J. Cal Mayo, Jr.
July 28, 2022
Page 4

Sincerely,

Ty Adams