| | |
|---|---|
| **Subject:** | Re: Rosenfeld v. AC2T, Inc. - Correspondence re: February 14, 2022 Meet-and-Confer |
| **Date:** | Thursday, February 17, 2022 at 3:48:54 PM Central Standard Time |
| **From:** | Cal Mayo |
| **To:** | Dimon, Anna G. |
| **CC:** | Boyle, Edward P. |
| **Attachments:** | image001.png |

Anna,

I received your letter on Tuesday. Let me provide a brief response now.

Our call on Monday did not involve an exhaustive discussion about the objections stated by Dr. Yee concerning the subpoena. I don't know if such a characterization was your intention, but Dr. Yee maintains all objections as stated in my letter of Jan. 21.

As lawyers, we always advocate for our respective clients and use every opportunity to promote their interests. Your letter recounts our discussion or makes allegations and arguments from the viewpoint of Defendant ACT2, Inc., filtered through lenses focused on its interests. I see no purpose in responding to your letter line-by-line and nitpicking each issue. Dr. Yee reserves all objections to the subpoena, does not accept any characterization of our discussion on Monday, and does not admit any of the allegations in your letter. The purpose of the call was to attempt a resolution of objections to the subpoena while also protecting Dr. Yee's interests as a non-party.

Dr. Yee has no documents responsive to Request 5.  As for Requests 9 and 10, if such communications exist, the documents are among the communications concerning the research which resulted in the paper.

Similarly, Requests 1-6 and 17-18 all relate to or exist among documents and information concerning the paper to the extent responsive documents exist. You have documents for Requests 7-8 and 11-12, to the extent they exist. The documents responsive to Requests 14-15 are the subject of the privilege and immunity issues raised by the plaintiff. This leaves 13, 16, and 19, which I will address below.

I will note a few points, as either I misspoke (which is quite likely) or did not clearly communicate (another distinct possibility).

Janet Donaldson has never worked in the Office of Research. She is the Associate Dean of the College of Arts and Sciences.

As for the "lost or destroyed documents", Dr. Yee does delete non-substantive emails and also de-dupes emails in chains. In addition, as part of the production, I de-duped email chains after confirming the last email captured all previous email exchanges. Otherwise, Dr. Yee has or will produce all documents in his possession for those requests for which he has agreed to produce documents.

Dr. Yee will make an additional production of certain responsive documents provided two things occur.

First, Defendant will prepare a Confidentiality Agreement which limits use and disclosure to the EDNY action for any documents produced by Dr. Yee and marked as "Confidential" and for Dr. Yee's



==deposition testimony designated as "Confidential". All parties and Dr. Yee will sign the agreement, which will provide for, among other things, application of Mississippi law, jurisdiction for resolution of any breach in state or federal court in Forrest County, Mississippi, injunctive relief in the event of breach, and certification of the destruction of documents at the conclusion of the litigation. Either party will have the right to contest the "Confidential" designation.==

==Second, Defendant will pay Dr. Yee $100 per hour for time spent in his deposition. This agreement will not constitute a waiver of Defendant's position as to the application of Rule 45(d)(3)(B)(ii).==

Once we have a signed agreement and a commitment to compensate Dr. Yee, Dr. Yee will produce, to the extent they exist, documents responsive to 1-6, 9-10, and 17-18. I do not have a response as concerns 13 and 16, but I should know early next week. Dr. Yee will not respond to No. 19, as this request is overly broad and will result in undue burden and expense, as I mentioned during our call.

I look forward to hearing from you.

Cal Mayo



**J. Cal Mayo, Jr.**
**Mayo Mallette**
Oxford & Jackson Offices

**E**: cmayo@mayomallette.com
**O**: 662.236.0055  **J**: 601.366.1106
**D**: 662.513.4897  **C**: 662.801.3837
2094 Old Taylor Road, Suite 200 | Oxford, MS 38655
4400 Old Canton Road, Suite 150 | Jackson, MS 39211
mayomallette.com

---

**From:** "Dimon, Anna G." <AGDimon@Venable.com>
**Date:** Tuesday, February 15, 2022 at 10:02 AM
**To:** Cal Mayo <cmayo@mayomallette.com>
**Cc:** "Boyle, Edward P." <EPBoyle@Venable.com>
**Subject:** Rosenfeld v. AC2T, Inc. - Correspondence re: February 14, 2022 Meet-and-Confer

Hi Cal,

Thank you for taking the time to talk yesterday.  I've memorialized our conversation in the attached letter.  Please let me know if the letter differs in any way from your understanding of yesterday's call.  I look forward to speaking about a subsequent production.

Best,
Anna

**Anna G. Dimon** | Associate | **Venable LLP**
**t** 212.503.0698 | **f** 212.218.2200
1290 Avenue of the Americas, 20th Floor, New York, NY 10104

AGDimon@Venable.com | www.Venable.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*