9/20/22, 2:00 PM                          Bursor & Fisher, P.A. Mail - Rosenfeld v. AC2T, Inc., No. 1:20-cv-04662-FB-PK (E.D.N.Y.) - Correspondence

Case 1:22-mc-03686-HG-PK   Document 13-17   Filed 09/28/22   Page 1 of 6 PageID #: 339



Yitz Kopel <ykopel@bursor.com>

---

## Rosenfeld v. AC2T, Inc., No. 1:20-cv-04662-FB-PK (E.D.N.Y.) - Correspondence
10 messages

---

**Dimon, Anna G.** <AGDimon@venable.com>     Thu, Feb 24, 2022 at 5:51 PM
To: Yitz Kopel <ykopel@bursor.com>
Cc: "Boyle, Edward P." <EPBoyle@venable.com>, Alec Leslie <aleslie@bursor.com>, Cal Mayo <cmayo@mayomallette.com>

Yitz:

Please see the attached correspondence related to the Rosenfeld matter.

Best,

Anna

**Anna G. Dimon** | Associate | **Venable LLP**
**t** 212.503.0698 | **f** 212.218.2200
1290 Avenue of the Americas, 20th Floor, New York, NY 10104

AGDimon@Venable.com  |  www.Venable.com

*************************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*************************************************************************

 **2.24.22 Correspondence.pdf**
164K

---

**Boyle, Edward P.** <EPBoyle@venable.com>     Tue, Mar 8, 2022 at 12:30 PM
To: Yitz Kopel <ykopel@bursor.com>
Cc: Alec Leslie <aleslie@bursor.com>, Cal Mayo <cmayo@mayomallette.com>, "Dimon, Anna G." <AGDimon@venable.com>

Yitz – Please let me know if you're going to respond to this letter, and if so, when.  Thanks.

Ed



**Edward P. Boyle** | Venable LLP

t 212.808.5675 | f 212.307.5598 | m 646.339.8080

1270 Avenue of the Americas, New York, NY 10020

EPBoyle@Venable.com | www.Venable.com

[Quoted text hidden]
[Quoted text hidden]

---


**2.24.22 Correspondence.pdf**
164K

---

**Yitz Kopel** <ykopel@bursor.com>                                                   Wed, Mar 9, 2022 at 3:18 PM
To: "Boyle, Edward P." <EPBoyle@venable.com>
Cc: Alec Leslie <aleslie@bursor.com>, Cal Mayo <cmayo@mayomallette.com>, "Dimon, Anna G." <AGDimon@venable.com>

Ed:

It seems to me that if the witness will sit for a deposition, he can be examined by both sides on this issue. That should provide clarity and context that could either resolve the dispute, or provide relevant in any future court decision.

Thanks,

Yitz

[Quoted text hidden]

--
Yitz Kopel
Bursor & Fisher, P.A.
888 Seventh Ave.
New York, NY 10019
646-837-7127 (tel)
212-989-9163 (fax)
ykopel@bursor.com
www.bursor.com

PRIVILEGED COMMUNICATION
This email may contain confidential material or other matter protected by the attorney-client privilege. Unless you are the addressee (or are authorized to receive this email for the addressee), you may not copy, use or distribute it. If you receive this email in error, please contact the sender immediately and permanently delete the email from any and all storage devices under your control.

---

**Boyle, Edward P.** <EPBoyle@venable.com>                                           Wed, Mar 9, 2022 at 5:31 PM
To: Yitz Kopel <ykopel@bursor.com>
Cc: Alec Leslie <aleslie@bursor.com>, Cal Mayo <cmayo@mayomallette.com>, "Dimon, Anna G." <AGDimon@venable.com>

Yitz,

I disagree with the suggestion that we should take the witness's deposition before the document issues are resolved. This will waste the time of the parties and the witness. AC2T has the right to examine Dr. Donald Yee regarding the documents he produces in response to the subpoena. If he does not produce all his responsive, non-privileged documents before the deposition, he would likely have to come back for a second deposition day. That is not in anyone's interest.

9/20/22, 2:00 PM                            Bursor & Fisher, P.A. Mail - Rosenfeld v. AC2T Inc., No. 1:20-cv-04662-FB-PK (E.D.N.Y.) - Correspondence

Case 1:22-mc-03686-HG-PK   Document 13-17   Filed 09/28/22   Page 3 of 6 PageID #: 341

And, as noted in my February 24 letter, your privilege log does not set forth a facially plausible basis for Yee to withhold documents on work product grounds. As the party asserting privilege, it was your obligation to provide a log that sets forth sufficient facts to show, *prima facie*, that the doctrine applies. *See Fleisher v. Phoenix Life Ins. Co.*, No. 11-cv-8405 (CM) (JCF), 2013 WL 42374 at *2 (S.D.N.Y. Jan. 3, 2013). In the absence of such a showing, the materials in question must be produced. *See Abu-Nassar v. Elders Futures Inc.*, No. 88-cv-7906 (PLK), 1991 WL 45062 at *19 (S.D.N.Y. Mar. 28, 1991).

Accordingly, please confirm that you or Yee will promptly produce these six emails. Alternatively, please supplement your privilege log so that it sets forth sufficient facts to support work product protection, so I can assess whether to seek judicial relief on this issue prior to taking Yee's deposition.

Thanks,

Ed




**Edward P. Boyle | Venable LLP**

**t** 212.808.5675 | **f** 212.307.5598 | **m** 646.339.8080

1270 Avenue of the Americas, New York, NY 10020

EPBoyle@Venable.com | www.Venable.com

---

**From:** Yitz Kopel <ykopel@bursor.com>
**Sent:** Wednesday, March 9, 2022 3:19 PM
**To:** Boyle, Edward P. <EPBoyle@Venable.com>
**Cc:** Alec Leslie <aleslie@bursor.com>; Cal Mayo <cmayo@mayomallette.com>; Dimon, Anna G. <AGDimon@Venable.com>
**Subject:** Re: Rosenfeld v. AC2T, Inc., No. 1:20-cv-04662-FB-PK (E.D.N.Y.) - Correspondence


**Caution: External Email**


[Quoted text hidden]
[Quoted text hidden]

---

**Yitz Kopel** <ykopel@bursor.com>                                                                Wed, Mar 9, 2022 at 5:55 PM
To: "Boyle, Edward P." <EPBoyle@venable.com>

Cc: Alec Leslie <aleslie@bursor.com>, Cal Mayo <cmayo@mayomallette.com>, "Dimon, Anna G." <AGDimon@venable.com>

Ed:

If you think you can convince the court that the privilege was waived that's fine. To your point, we might as well get a ruling on the permissibility of questions regarding any communications as well. Please send over your portion of a joint letter to Judge Kuo and we'll insert our portion.

Thanks,

Yitz

[Quoted text hidden]

---

**Boyle, Edward P.** <EPBoyle@venable.com>    Wed, Mar 16, 2022 at 5:25 PM
To: Yitz Kopel <ykopel@bursor.com>
Cc: Alec Leslie <aleslie@bursor.com>, Cal Mayo <cmayo@mayomallette.com>, "Dimon, Anna G." <AGDimon@venable.com>

Yitz,

I'm following up on our conversation Friday afternoon about the documents in Dr. Donald Yee's possession that you assert are protected by the work product doctrine. In the call, I asked you to consider producing these documents in redacted form, to shield whatever thoughts and impressions you may conveyed to Yee. Having thought about this more, I propose that, if such a redacted production is made, I will hold off on any potential motion to compel regarding these documents until after we have taken Yee's deposition testimony about these communications. To your earlier point, I think this approach will maximize the clarity and context provided by the deposition, and hopefully is enough to resolve the issue one way or the other. Let me know if you agree.

AC2T reserves all its rights on this issue, and I understand Plaintiff does as well.

[Quoted text hidden]
[Quoted text hidden]

---

**Yitz Kopel** <ykopel@bursor.com>    Thu, Mar 17, 2022 at 4:59 PM
To: "Boyle, Edward P." <EPBoyle@venable.com>
Cc: Alec Leslie <aleslie@bursor.com>, Cal Mayo <cmayo@mayomallette.com>, "Dimon, Anna G." <AGDimon@venable.com>

Ed:

We're not going to agree to this, and I want to put you on notice that we will suspend the deposition to seek a protective order in the event of any questioning regarding communications between Dr. Yee and me. I have reviewed the applicable authorities on this matter, and I am extremely confident in our position. Any communications are protected as:

1. Attorney work product. See rule 26(b)(3). These communications took place with the express intent of preparation for litigation, with an agreement to maintain confidentiality.

2. Discovery to an informal, non-testifying consultant. See rule 26(b)(4)(D) and 1970 committee notes ("the subdivision precludes discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed."). He gave us scientific assistance for use in our complaints.

9/20/22, 2:00 PM
Bursor & Fisher, P.A. Mail - Rosenfeld v. AC2T Inc, No. 9:20-cv-04662-FB-PK (E.D.N.Y.) Correspondence
Case 1:22-mc-03686-HG-PK Document 13-17 Filed 09/28/22 Page 5 of 6 PageID #: 343

3. Relevance. As I've indicated, we will not object to any discovery merely because it may have been the subject of communications between Dr. Yee and me. Rather, the objection is to discovery of the substance of our communications or whether we discussed any particular topic. Based on this, I don't understand how the substance of our communications is relevant to this action. It appears to be intended to gain insight into litigation strategy rather than to discover facts or opinions relevant to this action.

Your proposal is inadequate because nothing in the communications is discoverable beyond what is in our privilege log.

Thanks,

Yitz

[Quoted text hidden]

---

**Boyle, Edward P.** <EPBoyle@venable.com>  Wed, Mar 23, 2022 at 11:53 AM
To: Yitz Kopel <ykopel@bursor.com>
Cc: Alec Leslie <aleslie@bursor.com>, Cal Mayo <cmayo@mayomallette.com>, "Dimon, Anna G." <AGDimon@venable.com>

Thanks for your response, Yitz. We are similarly confident in our position. And, I prefer to take discovery efficiently, without the distractions and delays of motion practice. So, AC2T will not seek production of these emails prior to Dr. Yee's deposition. We do plan to ask Dr. Yee questions relating to the foundation of your work product claim, without getting into the substance of his communications with you.

[Quoted text hidden]
[Quoted text hidden]

---

**Cal Mayo** <cmayo@mayomallette.com>  Wed, Mar 23, 2022 at 1:36 PM
To: "Boyle, Edward P." <EPBoyle@venable.com>, Yitz Kopel <ykopel@bursor.com>
Cc: Alec Leslie <aleslie@bursor.com>, "Dimon, Anna G." <AGDimon@venable.com>

Counsel,

Dr. Yee will not appear for his deposition more than once. Please resolve any issues about his deposition in advance.

Cal Mayo



**J. Cal Mayo, Jr.**
**Mayo Mallette**
Oxford & Jackson Offices

**E**: cmayo@mayomallette.com
**O**: 662.236.0055 **J**: 601.366.1106
**D**: 662.513.4897 **C**: 662.801.3837
2094 Old Taylor Road, Suite 200 | Oxford, MS 38655
4400 Old Canton Road, Suite 150 | Jackson, MS 39211
mayomallette.com

[Quoted text hidden]

Case 1:22-mc-03686-HG-PK   Document 13-17   Filed 09/28/22   Page 6 of 6 PageID #: 344

**Yitz Kopel** <ykopel@bursor.com>                                                                            Tue, Aug 16, 2022 at 7:04 PM
To: David Tyler Adams <DAdams@kasowitz.com>, Alec Leslie <aleslie@bursor.com>, "Daniel R. Benson" <DBenson@kasowitz.com>, "Maria H. Ruiz" <MRuiz@kasowitz.com>, Jacob Abrams <jabrams@kasowitz.com>

Ty:

I misremembered my conversations with Ed when we spoke earlier today. Ed confirmed in writing to me that AC2T would not pursue these emails prior to the deposition. See below. Please confirm ASAP that you will honor this commitment.

Thanks,

Yitz

[Quoted text hidden]