# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN (HATTIESBURG) DIVISION

**KALMAN ROSENFELD, individually and on behalf of all others similarly situated**  **PLAINTIFF**

E.D.N.Y. NO. 1:20cv04662-HG-PK

v.

S.D. Miss. NO. 2:22-mc-00120-TBM-RPM

**AC2T, INC.**  **DEFENDANT**

## MEMORANDUM BRIEF OF DR. DONALD YEE AND THE UNIVERSITY OF SOUTHERN MISSISSIPPI IN SUPPORT OF THEIR RESPONSE TO THIS COURT'S NOVEMBER 2, 2022 ORDER [DOC. 23]

Dr. Donald Yee and the University of Southern Mississippi do not consent to the transfer of the pending motions[1] to the United States District Court for the Eastern District of New York. No "exceptional circumstances" exist under Rule 45(f) to support the transfer of these motions as (i) the issues raised by the motions are not complex and do not involve the merits of the claims in the New York action, (ii) the New York action does not involve complex multidistrict litigation, (iii) and the New York court has not considered or resolved any discovery disputes. Finally, the interests of Dr. Yee and the University in local resolution outweigh any interest in transferring the motions. For these reasons, this Court should not transfer the pending motions to the Eastern District of New York.

## FACTS

Defendant AC2T seeks to compel Dr. Yee to produce documents. Significantly, no issues exist about the scope or breadth of the subpoena. Instead, the only issue concerns the reasonableness of Dr. Yee's search and production procedures.

---

[1] Motion to Compel [Doc. 1], and Motion to Quash [Doc. 15].

Dr. Yee has withheld from production two group of documents: (i) communications with Plaintiff's counsel in the New York action, and (ii) privileged communications. *See* Brf. [Doc. 14] at 1-4. However, neither of these groups of documents are at issue. *Id.* (as to communications with Plaintiff's counsel); Reply [Doc. 21] at p.6 n.4 ("Given that USM has now intervened in this action to assert the attorney-client privilege over the communications that Dr. Yee has withheld (see Dkt. 15), AC2T does not at this time seek an order compelling Dr. Yee to produce those communications."), *and* Resp. [Doc 22] ("AC2T does not, at this time, seek an order compelling Dr. Yee to produce those communications over which USM claims attorney-client privilege and as set forth in the Motion to Quash (Dkt.15) and its Brief (Dkt. 16).") (as to privileged communications).

Again, the *only* issue currently before the Court concerns the reasonableness of Dr. Yee's efforts to search for and produce responsive documents. The Motion to Compel does not require resolution of any issues concerning the relevance of the documents sought based on the claims stated in the New York action.

**STANDARD**

Subsection (f) of Rule 45 permits the transfer of subpoena-related motions from the court where compliance is required to the issuing court. The compliance court "may transfer" a Rule 45 motion to the issuing court if (i) the person subject to the subpoena consents, or (ii) "exceptional circumstances" exist. Where the subject person does not consent, the party seeking transfer "bears the burden of showing that ... [exceptional] circumstances are present." Fed. R. Civ. P. 45(f), advisory committee notes (2013 amendments); *see also U.S. v. 3M Company*, 1:20mc00320, 2020 WL 6587052 at **1-2 (S.D. Miss. Nov. 10, 2020).

As this Court has recognized, the task at hand requires:

> balancing the "prime concern" of "avoid[ing] burdens on local nonparties subject to subpoenas" with the "interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." Over time, courts have identified several relevant local considerations in balancing, which include (i) whether the subpoenaed non-party is a local resident; (ii) whether the local resident is an individual or entity; and (iii) whether the local non-party would suffer an "undue burden or cost" by litigating in another district.
>
> On the other hand, courts have identified various factors that weigh in favor of a Rule 45(f) transfer, including (i) when the underlying litigation is "highly complex"; (ii) when transferring the matter avoids inconsistent outcomes; (iii) considerations of judicial economy; and (iv) avoiding disruption of the underlying litigation. The concern over inconsistent outcomes is considered a particularly strong factor where the subpoena arises from multidistrict litigation.

*Id.* at *2 (citations omitted).

This Court should not transfer the pending motions to the Eastern District of New York.

## ARGUMENT

1. <u>None of the "exceptional circumstance" factors favor transfer.</u>

The New York action does not involve multi-district litigation.[2] Instead, the action concerns consumer fraud claims under state and federal law. While Plaintiff seeks class certification, the litigation does not rise to the level of "highly complex". The underlying merits issues relate to a single product (the Spartan Mosquito Eradicator) marketed by AC2T. *See* Complaint [Doc. 11-3].

Transfer of the pending motions would not avoid inconsistent outcomes for two reasons. First, the New York court has not considered any discovery motions, much less any motions

---

[2] In contrast, this Court granted transfer of a motion to quash a subpoena in a matter involving complex mass tort multi-district litigation with 200,000 plaintiffs, 24 upcoming bellwether trials and a special master appointed to facilitate discovery. *3M Co.*, 2020 WL 6587052.

concerning production from a person like Dr. Yee. *See* Docket (Ex. "A" to Resp.). *See Garden City Employees Retirement System v. Psychiatric Solutions, Inc.*, Misc. Action No. 13-238, 2014 WL 272088 at *3 (E.D. Pa. Jan. 23, 2014) (denying motion to transfer where party seeking transfer had not shown that issuing court had ruled on discovery issues like issues raised by motion to quash or that issues were likely to recur). Second, the discovery disputes at issue in the pending motions do not relate to the merits of the New York action. Instead, the disputes concern the reasonableness of Dr. Yee's efforts to comply with his search and production obligations under Rule 45 and the attorney-client privilege.

For the same reason, transfer does not serve judicial economy. The New York court has no advantage over this Court in resolving the issues presented by AC2T's Motion to Compel. In addition, "exceptional circumstances" are not found "simply because the issuing court is in a better position to decide the motion or because that court may resolve similar issues in the future." *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 409 (N.D. Ala. 2014).

Finally, transfer of the motions will not avoid disruption of the underlying New York litigation. Discovery is ongoing and will continue through the class certification briefing in the spring of 2023 with a new discovery plan entered after a decision on the class certification motion. *Id.* at Doc. 60.

2. <u>The "primary concern" weighs in favor of retaining jurisdiction over the motions.</u>

Dr. Yee serves an ecology and organismal biology professor on the University of Southern Mississippi faculty and operates the Yee Mosquito Lab. Hattiesburg, the location of the University and the place of production dictated by the subpoena (*see* Subpoena [Doc. 11-1]), lies in the Southern District of Mississippi.

4

Dr. Yee is an individual represented by counsel retained by the University. The University is an arm of the state controlled by the Board of Trustees of Mississippi Institutions of Higher Learning. *See Lundy v. Univ. of S. Miss.*, 1:07cv470, 2008 U.S. Dist. LEXIS 144555 at *1 (S.D. Miss. March 19, 2008). Any requirement to appear in New York disrupts Dr. Yee's teaching and other faculty obligations and place an unnecessary burden on Mississippi taxpayers.

Finally, while AC2T has temporarily abandoned its request to compel production of documents withheld based on attorney-client privilege, AC2T has "reserve[d] the right to renew its request for the production of those communications after Dr. Yee has been deposed ." *See* Resp. [Doc. 22]. Dr. Yee and the University have a strong interest in having this privilege issue resolved in this Court.

## CONCLUSION

The balance of factors weighs in favor of the "primary concern" of protecting Dr. Yee and the University, the local non-parties with an interest in the pending Motion to Compel and Motion to Quash.

THIS, the 16th day of November 2022.

        Respectfully submitted,

        **DR. DONALD YEE and THE UNIVERSITY OF SOUTHERN MISSISSIPPI**

        */s/ J. Cal Mayo, Jr.*
        J. CAL MAYO, JR. (MB No. 8492)
        KATE M. EMBRY (MB No. 102731)
        *Attorneys for Dr. Donald Yee and The University of Southern Mississippi*

Of Counsel:

Mayo Mallette PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
*cmayo@mayomallette.com*
*kembry@mayomallette.com*